UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------------------------------------

PETER KLEIN,
and MICHELLE KLEIN
(His wife)

Plaintiffs,

**COMPLAINT**

-against-

JURY DEMANDED

AIRBNB, INC.; ASSICURAZIONI GENERALI, S.p.A.; GENERALI U.S. BRANCH; CEDAR PINES, LLC; BORIS KUDRYAVSKY; TINA KUDRYAVSKY; ALLA KUDRYAVSKAYA; JOHN DOE 1-10 (a fictitious name); RICHARD ROE 1-10 (a fictitious name); ABC CORPORATION 1-10 (a fictitious corporation) and XYZ CORPORATION 1-10 (a fictitious corporation)

Defendants.

-----------------------------------------------------------------------------------------------X

The plaintiffs, by their counsel, Tiana Gimbrone, Esq., complaining of the Defendants, allege as follows:

## NATURE OF ACTION & PARTIES

1. This is an action arising under the common laws of the State of New Jersey, asserting claims for damages relating to personal injuries suffered by Plaintiff Peter Klein and for loss of consortium by Michelle Klein. This action arises out of a slip and fall accident which occurred on December 26, 2022 on or around the premises of 1231 Skyview Drive, Scotrun, PA 18355. The

Defendants' negligence was a substantial contributing factor in causing Plaintiffs' injuries.

2. That the Plaintiff Peter Klein, at all relevant times herein, was and is a resident of the State of Georgia, County of Fulton.

3. That the Plaintiff Michelle Klein is the lawfully wedded wife of Plaintiff Peter Klein, and at all relevant times herein, was and is a resident of the State of Georgia, County of Fulton.

4. That the Defendant Airbnb, Inc., at all relevant times herein, upon information and belief does business throughout the United States and specifically in the State of New Jersey.

5. That the Defendant Assicurazioni Generalio, S.p.A., at all relevant times herein, upon information and belief does business internationally, throughout the United States through it's U.S. Representative office Defendant Generali U.S. Branch, which is specifically licensed in the State of New Jersey.

6. That the Defendant Cedar Pines LLC, is a business owned, managed, directed, incorporated or otherwise the business of Defendant Boris Kudryavsky and/or Tina Kudryavsky, at all relevant times herein, upon information and belief does business throughout the United States.

7. That the Defendant Boris Kudryavsky, at all relevant times herein, upon information and belief was and is a resident of the State of New York, County of Kings and does business in the State of New Jersey.

8. That the Defendant Tina Kudryavsky is the wife, business partner and/or agent of Defendant Boriz Kudryavsky, at all relevant times herein, upon information and belief was and is a resident of the State of New York, County of Kings and does business in the State of New Jersey.

9. That the Defendant Alla Kudryavskaya, at all relevant times herein, upon information and belief was and is a resident of the State of New York, County of Kings and does business in the

State of New Jersey.

10. That at all times herein mentioned, Defendants John Doe 1-10 (a fictitious name), Richard Roe 1-10 (a fictitious name), ABC Corporation 1-10 (a fictitious corporation) and XYZ Corporation 1-10 (a fictitious corporation) are persons, corporations, individuals, partnerships, sole proprietors and/or other business entities whose name or names may become known during the course of the litigation and who may have in one or more ways contributed to the injuries sustained by Plaintiff Peter Klein as a result of their negligence, carelessness and recklessness, or who may have acted as the agents, servants and/or employees of the aforesaid Defendants, when the slip and fall which is the subject matter of this lawsuit occurred.

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction of this matter under 28 U.S.C. § 1332, as no plaintiff resides in the same state as any of the named defendants and the amount in controversy exceeds $75,000.00.

2. As aforementioned, upon information and belief, Defendant Airbnb, Inc., does business throughout the United States and specifically in the State of New Jersey.

3. As aforementioned, upon information and belief, Defendant Assicurazioni Generalio, S.p.A..does business internationally, throughout the United States through it’s U.S. Representative office Defendant Generali U.S. Branch, which is specifically licensed in the State of New Jersey.

4. As aforementioned, upon information and belief, Defendant Cedar Pines LLC does business throughout the United States.

5. As aforementioned, upon information and belief, Defendant Boris Kudryavsky, resides in the State of New York, County of Kings and does business in the State of New Jersey.

6. As aforementioned, upon information and belief, Defendant Tina Kudryavsky, resides in the State of New York, County of Kings and does business in the State of New Jersey.

7. As aforementioned, upon information and belief, Defendant Alla Kudryavskaya, resides in the State of New York, County of Kings and does business in the State of New Jersey.

8. Plaintiffs reside in the County of Fulton, State of Georgia.

9. The personal injury claims in this matter is in excess of $75,000.00.

10. The Defendants all do significant business, have offices or are licensed within the district of New Jersey, venue is proper in this District.

**AS FOR A FIRST CAUSE OF ACTION**

1. Plaintiffs repeat, reiterate and re-allege, each and every allegation set forth above as if more fully re-alleged and set forth at length herein.

2. That at all times herein mentioned, the Plaintiff Peter Klein was a lawful invitee, licensee, renter, and/or visitor of the premises located at 1231 Skyview Drive, Scotrun, PA 18355 (hereinafter "Skyview Premises").

3. That at all times herein mentioned, the Defendant, Airbnb, Inc., was the host, service, facilitator, provider, coordinator and/or platform which connected Plaintiff to the Skyview premises.

4. That at all times herein mentioned, the Defendant, Airbnb, Inc., was the host, service, facilitator, provider, coordinator and/or platform of maintenance for the Skyview premises.

5. That at all times herein mentioned, the Defendant, Airbnb, Inc., was the host, service, facilitator, provider, coordinator and/or platform of insurance coverage to the Skyview premises.

6. That at all times herein mentioned, Plaintiff Peter Klein was caused to slip and fall at the Skyview premises and sustain serious and permanent injuries.

7. That at all times herein mentioned and for some time prior thereto, Defendant Airbnb, Inc. individually and/or by and through its agents, servants, employees and/or managers or the defendant's direct predecessor in title, carelessly, negligently and/or recklessly maintained certain areas of the premises in a negligent matter so as to allow the driveway and parking area to be full of ice and snow, to be damaged, deteriorated, ill-repaired, ill-maintained, and other situations which presented and posed an unreasonably dangerous and hazardous condition, such that same became and was unsafe to lawful invitees, licensees, renters, and/or visitors of the aforementioned premises including Plaintiff Peter Klein.

8. Defendant Airbnb, Inc. was under a duty to use reasonable care to maintain the aforesaid area in a safe and suitable condition for the use of lawful invitees, licensees, renters and/or visitors, including but not limited to the Plaintiff, so that they might use the aforesaid area in safety.

9. On the date aforesaid and for a long time prior thereto Defendant Airbnb, Inc. or one of its predecessors in title, used or permitted the use of the premises and Defendants failed to

perform their duties in that they did not keep the premises in a safe condition; did not exercise proper care; caused a dangerous and hazardous condition to exist; caused and/or allowed a hidden danger and/or hidden trap to exist; allowed a nuisance to exist; failed to provide proper safeguards and/or warning signals or signs on the property; failed to provide proper, safe and clear access for persons allowed to use the property; conducted, or had conducted, certain activities on the premises which caused the premises to be damaged, deteriorated, ill-repaired, ill-maintained, and other situations; and were otherwise negligent in the maintenance of the premises, including the driveway and parking area.

10. Defendant Airbnb, Inc. had actual or constructive notice of the unsafe and dangerous condition of the aforesaid area or a reasonable inspection of the aforesaid area would have put them on notice and Defendant Airbnb, Inc. negligently, carelessly and/or recklessly failed and neglected to take any steps to remedy or abate said condition or to warn and/or protect the lawful invitees, licensees, renters, visitors, and/or the Plaintiff from the dangers created by said conditions.

11. All Defendants named herein owed a duty to Plaintiff, allowed the property and area in question to be in a hazardous and dangerous condition at the time of Plaintiff's injury; that his injury was proximately caused by the hazardous and dangerous condition described herein; that the dangerous condition created a reasonable foreseeable risk of the kind of injuries which Plaintiff incurred. The Defendants had actual or constructive notice of the dangerous condition within a time frame prior to the accident and injuries to have taken appropriate steps, measures, and action to protect persons against the dangerous condition; Defendants failed to

protect against this dangerous condition and their failure to abate, eliminate, maintain, and take remedial action was palpably unreasonable.

12. By reason of and as a direct and proximate result of the negligence, carelessness and recklessness of Defendant Airbnb, Inc., and without any liability on the part of Plaintiff contributing thereto in any way, Plaintiff Peter Klein, suffered severe and painful bodily injuries, some or all of which are permanent in nature, have been caused to aggravate any pre-existing medical condition, symptomatic and/or asymptomatic, which are permanent. The Plaintiff has suffered and will in the future continue to suffer great pain, has incurred and will in the future continue to incur great medical expense in an effort to cure himself.

13. The injuries sustained by Plaintiff Peter Klein are severe in nature and compelled Plaintiff to incur medical expenses, exclusive of hospitalization, diagnostic care and x-rays . Further, the Plaintiff, as a result of the aforesaid carelessness, negligence and recklessness, has incurred or in the future will incur expenses for the treatment of said injuries in excess of the applicable threshold, has been injured and will not able to perform his usual functions, has been caused and in the future will be caused great shock, pain and suffering, as a result of the slip and fall.

14. That this action is being commenced within the time frame allowed by law.

15. That by reason of the above, Plaintiff Peter Klein has sustained damages both general and special, in an amount that exceeds $75,000.00.

**WHEREFORE**, Plaintiff Peter Klein demands judgment on this Count in his favor and against the Defendant Airbnb, Inc., for damages, together with interest and costs of suit.

**AS FOR A SECOND CAUSE OF ACTION**

1. Plaintiffs repeat, reiterate and re-allege, each and every allegation set forth above as if more fully re-alleged and set forth at length herein.

2. That at all times herein mentioned, the Defendant Assicurazioni Generalio, S.p.A., and/or it's U.S. Representative office Defendant Generali U.S. Branch was the host, service, facilitator, provider, coordinator and/or platform of maintenance for the Skyview premises.

3. That at all times herein mentioned, the Defendant Assicurazioni Generalio, S.p.A., and/or it's U.S. Representative office Defendant Generali U.S. Branch, was the host, service, facilitator, provider, coordinator and/or platform of insurance coverage to the Skyview premises.

4. That at all times herein mentioned, Plaintiff Peter Klein was caused to slip and fall at the Skyview premises and sustain serious and permanent injuries.

5. That at all times herein mentioned and for some time prior thereto, Defendant Assicurazioni Generalio, S.p.A., and/or it's U.S. Representative office Defendant Generali U.S. Branch, individually and/or by and through its agents, servants, employees and/or managers or the defendant's direct predecessor in title, carelessly, negligently and/or recklessly maintained certain areas of the premises in a negligent matter so as to allow the driveway and parking area to be full of ice and snow, to be damaged, deteriorated, ill-repaired, ill-maintained, and other situations which presented and posed an unreasonably dangerous and hazardous condition, such that same became and was unsafe to lawful invitees, licensees, renters, and/or visitors of the aforementioned premises including Plaintiff Peter Klein.

6. Defendant Assicurazioni Generalio, S.p.A., and/or it's U.S. Representative office Defendant Generali U.S. Branch, was under a duty to use reasonable care to maintain the aforesaid area in a safe and suitable condition for the use of lawful invitees, licensees, renters and/or visitors, including but not limited to the Plaintiff, so that they might use the aforesaid area in safety.

7. On the date aforesaid and for a long time prior thereto Defendant Assicurazioni Generalio, S.p.A., and/or it's U.S. Representative office Defendant Generali U.S. Branch, or one of its predecessors in title, used or permitted the use of the premises and Defendants failed to perform their duties in that they did not keep the premises in a safe condition; did not exercise proper care; caused a dangerous and hazardous condition to exist; caused and/or allowed a hidden danger and/or hidden trap to exist; allowed a nuisance to exist; failed to provide proper safeguards and/or warning signals or signs on the property; failed to provide proper, safe and clear access for persons allowed to use the property; conducted, or had conducted, certain activities on the premises which caused the premises to be damaged, deteriorated, ill-repaired, ill-maintained, and other situations; and were otherwise negligent in the maintenance of the premises, including the driveway and parking area.

8. Defendant Assicurazioni Generalio, S.p.A., and/or it's U.S. Representative office Defendant Generali U.S. Branch, had actual or constructive notice of the unsafe and dangerous condition of the aforesaid area or a reasonable inspection of the aforesaid area would have put them on notice and Defendant Assicurazioni Generalio, S.p.A., and/or it's U.S. Representative office Defendant Generali U.S. Branch, negligently, carelessly and/or recklessly failed and neglected to take any steps to remedy or abate said condition or to warn and/or protect the lawful

invitees, licensees, renters, visitors, and/or the Plaintiff from the dangers created by said conditions.

9. All Defendants named herein owed a duty to Plaintiff, allowed the property and area in question to be in a hazardous and dangerous condition at the time of Plaintiff's injury; that his injury was proximately caused by the hazardous and dangerous condition described herein; that the dangerous condition created a reasonable foreseeable risk of the kind of injuries which Plaintiff incurred. The Defendants had actual or constructive notice of the dangerous condition within a time frame prior to the accident and injuries to have taken appropriate steps, measures, and action to protect persons against the dangerous condition; Defendants failed to protect against this dangerous condition and their failure to abate, eliminate, maintain, and take remedial action was palpably unreasonable.

10. By reason of and as a direct and proximate result of the negligence, carelessness and recklessness of Defendant Assicurazioni Generalio, S.p.A., and/or it's U.S. Representative office Defendant Generali U.S. Branch, and without any liability on the part of Plaintiff contributing thereto in any way, Plaintiff Peter Klein, suffered severe and painful bodily injuries, some or all of which are permanent in nature, have been caused to aggravate any pre-existing medical condition, symptomatic and/or asymptomatic, which are permanent. The Plaintiff has suffered and will in the future continue to suffer great pain, has incurred and will in the future continue to incur great medical expense in an effort to cure himself.

11. The injuries sustained by Plaintiff Peter Klein are severe in nature and compelled Plaintiff to incur medical expenses, exclusive of hospitalization, diagnostic care and x-rays . Further, the Plaintiff, as a result of the aforesaid carelessness, negligence and recklessness, has

incurred or in the future will incur expenses for the treatment of said injuries in excess of the applicable threshold, has been injured and will not able to perform his usual functions, has been caused and in the future will be caused great shock, pain and suffering, as a result of the slip and fall.

12. That this action is being commenced within the time frame allowed by law.

13. That by reason of the above, Plaintiff Peter Klein has sustained damages both general and special, in an amount that exceeds $75,000.00.

**WHEREFORE**, Plaintiff Peter Klein demands judgment on this Count in his favor and against the Defendant Airbnb, Inc., Defendant Assicurazioni Generalio, S.p.A., and/or Defendant Generali U.S. Branch jointly, severally, or in the alternative, for damages, together with interest and costs of suit.

## AS FOR A THIRD CAUSE OF ACTION

1. Plaintiffs repeat, reiterate and re-allege, each and every allegation set forth above as if more fully re-alleged and set forth at length herein.

2. That at all times herein mentioned, the Plaintiff Peter Klein was a lawful invitee, licensees, renter, and/or visitor of the premises located at 1231 Skyview Drive, Scotrun, PA 18355 (hereinafter "Skyview Premises").

3. That at all times herein mentioned, the Defendants Cedar Pines LLC and/or Boris Kudryavsky and/or Tina Kudryavsky and/or Alla Kudryavskaya, were the host, service, facilitator, provider, coordinator and/or platform which connected Plaintiff to the Skyview premises.

4. That at all times herein mentioned, the Defendants Cedar Pines LLC and/or Boris Kudryavsky and/or Tina Kudryavsky and/or Alla Kudryavskaya, was the host, service, facilitator, provider, coordinator and/or platform of maintenance for the Skyview premises.

5. That at all times herein mentioned, the Defendants Cedar Pines LLC and/or Boris Kudryavsky and/or Tina Kudryavsky and/or Alla Kudryavskaya, was the host, service, facilitator, provider, coordinator and/or platform of insurance coverage to the Skyview premises.

6. That at all times herein mentioned, Plaintiff Peter Klein was caused to slip and fall at the Skyview premises and sustain serious and permanent injuries.

7. That at all times herein mentioned and for some time prior thereto, Defendants Cedar Pines LLC and/or Boris Kudryavsky and/or Tina Kudryavsky and/or Alla Kudryavskaya, individually and/or by and through its agents, servants, employees and/or managers or the defendant's direct predecessor in title, carelessly, negligently and/or recklessly maintained certain areas of the premises in a negligent matter so as to allow the driveway and parking area to be full of ice and snow, to be damaged, deteriorated, ill-repaired, ill-maintained, and other situations which presented and posed an unreasonably dangerous and hazardous condition, such that same became and was unsafe to lawful invitees, licensees, renters, and/or visitors of the aforementioned premises including Plaintiff Peter Klein.

8. Defendants Cedar Pines LLC and/or Boris Kudryavsky and/or Tina Kudryavsky and/or Alla Kudryavskaya were under a duty to use reasonable care to maintain the aforesaid area in a safe and suitable condition for the use of lawful invitees, licensees, renters and/or visitors, including but not limited to the Plaintiff, so that they might use the aforesaid area in safety.

9. On the date aforesaid and for a long time prior thereto Defendants Cedar Pines LLC and/or Boris Kudryavsky and/or Tina Kudryavsky and/or Alla Kudryavskaya, or one of its predecessors in title, used or permitted the use of the premises and Defendants failed to perform their duties in that they did not keep the premises in a safe condition; did not exercise proper care; caused a dangerous and hazardous condition to exist; caused and/or allowed a hidden danger and/or hidden trap to exist; allowed a nuisance to exist; failed to provide proper safeguards and/or warning signals or signs on the property; failed to provide proper, safe and clear access for persons allowed to use the property; conducted, or had conducted, certain activities on the premises which caused the premises to be damaged, deteriorated, ill-repaired, ill-maintained, and other situations; and were otherwise negligent in the maintenance of the premises, including the driveway and parking area.

10. Defendants Cedar Pines LLC and/or Boris Kudryavsky and/or Tina Kudryavsky and/or Alla Kudryavskaya had actual or constructive notice of the unsafe and dangerous condition of the aforesaid area or a reasonable inspection of the aforesaid area would have put them on notice and Defendants Cedar Pines LLC and/or Boris Kudryavsky and/or Tina Kudryavsky and/or Alla Kudryavskaya negligently, carelessly and/or recklessly failed and neglected to take any steps to remedy or abate said condition or to warn and/or protect the lawful invitees, licensees, renters, visitors, and/or the Plaintiff from the dangers created by said conditions.

11. All Defendants named herein owed a duty to Plaintiff, allowed the property and area in question to be in a hazardous and dangerous condition at the time of Plaintiff's injury; that his injury was proximately caused by the hazardous and dangerous condition described

herein; that the dangerous condition created a reasonable foreseeable risk of the kind of injuries which Plaintiff incurred. The Defendants had actual or constructive notice of the dangerous condition within a time frame prior to the accident and injuries to have taken appropriate steps, measures, and action to protect persons against the dangerous condition; Defendants failed to protect against this dangerous condition and their failure to abate, eliminate, maintain, and take remedial action was palpably unreasonable.

12. By reason of and as a direct and proximate result of the negligence, carelessness and recklessness of Defendants Cedar Pines LLC and/or Boris Kudryavsky and/or Tina Kudryavsky and/or Alla Kudryavskaya, and without any liability on the part of Plaintiff contributing thereto in any way, Plaintiff Peter Klein, suffered severe and painful bodily injuries, some or all of which are permanent in nature, have been caused to aggravate any pre-existing medical condition, symptomatic and/or asymptomatic, which are permanent. The Plaintiff has suffered and will in the future continue to suffer great pain, has incurred and will in the future continue to incur great medical expense in an effort to cure himself.

13. The injuries sustained by Plaintiff Peter Klein are severe in nature and compelled Plaintiff to incur medical expenses, exclusive of hospitalization, diagnostic care and x-rays . Further, the Plaintiff, as a result of the aforesaid carelessness, negligence and recklessness, has incurred or in the future will incur expenses for the treatment of said injuries in excess of the applicable threshold, has been injured and will not able to perform his usual functions, has been caused and in the future will be caused great shock, pain and suffering, as a result of the slip and fall.

14. That this action is being commenced within the time frame allowed by law.

15. That by reason of the above, Plaintiff Peter Klein has sustained damages both general and special, in an amount that exceeds $75,000.00.

**WHEREFORE**, Plaintiff Peter Klein demands judgment on this Count in his favor and against the Defendant Airbnb, Inc., Defendant Assicurazioni Generalio, S.p.A., Defendant Generali U.S. Branch, Defendant Cedar Pines LLC, Defendant Boris Kudryavsky, Defendant Tina Kudryavsky and/or Defendant Alla Kudryavskaya jointly, severally, or in the alternative, for damages, together with interest and costs of suit.

## AS FOR A FOURTH CAUSE OF ACTION

1. Plaintiffs repeat, reiterate and re-allege, each and every allegation set forth above as if more fully re-alleged and set forth at length herein.

2. That at all times herein mentioned, the Plaintiff Peter Klein was a lawful invitee, licensee, renter, and/or visitor of the premises located at 1231 Skyview Drive, Scotrun, PA 18355 (hereinafter "Skyview Premises").

3. That at all times herein mentioned and for some time prior thereto, Defendants Airbnb Inc., Cedar Pines LLC, Defendant Boris Kudryavsky, Defendant Tina Kudryavsky and/or Defendant Alla Kudryavskaya, individually and/or by and through its agents, servants, employees and/or managers or the defendant's direct predecessor in title, were the owners of a leased residential premises, specifically the Skyview Premises.

4. That at all times herein mentioned and for some time prior thereto, Defendants Airbnb Inc., Cedar Pines LLC, Defendant Boris Kudryavsky, Defendant Tina Kudryavsky and/or Defendant Alla Kudryavskaya, individually and/or by and through its agents, servants, employees

and/or managers or the defendant's direct predecessor in title, had a duty of implied warranty of habitability during the term of the lease with Plaintiffs which required they maintain the premises and keep it fit for residential purposes throughout the term of the lease.

5. Defendants Airbnb Inc., Cedar Pines LLC, Defendant Boris Kudryavsky, Defendant Tina Kudryavsky and/or Defendant Alla Kudryavskaya, individually and/or by and through its agents, servants, employees and/or managers or the defendant's direct predecessor in title, breached their duty of implied warranty of habitability by carelessly, negligently and/or recklessly maintained certain areas of the premises in a negligent matter so as to allow the driveway and parking area to be full of ice and snow, to be damaged, deteriorated, ill-repaired, ill-maintained, and other situations which presented and posed an unreasonably dangerous and hazardous condition, such that same became and was unsafe to lawful invitees, licensees, renters, and/or visitors of the aforementioned premises including Plaintiff Peter Klein.

6. Defendants Airbnb Inc., Cedar Pines LLC, Defendant Boris Kudryavsky, Defendant Tina Kudryavsky and/or Defendant Alla Kudryavskaya, individually and/or by and through its agents, servants, employees and/or managers or the defendant's direct predecessor in title, owed a duty of implied warranty of habitability to Plaintiff, breached that duty by allowing the property and area in question to be in a hazardous and dangerous condition at the time of Plaintiff's injury; that his injury was proximately caused by their breach of warranty of habitability described herein; that the dangerous condition created a reasonable foreseeable risk of the kind of injuries which Plaintiff incurred. The Defendants had actual or constructive notice of the dangerous condition within a time frame prior to the accident and injuries to have taken appropriate steps, measures, and action to protect persons against the dangerous condition;

Defendants failed to protect against this dangerous condition and their failure to abate, eliminate, maintain, and take remedial action was palpably unreasonable and in violation of the implied warranty of habitability.

7. By reason of and as a direct and proximate result of the negligence, carelessness and recklessness of Defendants Cedar Pines LLC and/or Boris Kudryavsky and/or Tina Kudryavsky and/or Alla Kudryavskaya, and without any liability on the part of Plaintiff contributing thereto in any way, Plaintiff Peter Klein, suffered severe and painful bodily injuries, some or all of which are permanent in nature, have been caused to aggravate any pre-existing medical condition, symptomatic and/or asymptomatic, which are permanent. The Plaintiff has suffered and will in the future continue to suffer great pain, has incurred and will in the future continue to incur great medical expense in an effort to cure himself.

8. The injuries sustained by Plaintiff Peter Klein are severe in nature and compelled Plaintiff to incur medical expenses, exclusive of hospitalization, diagnostic care and x-rays . Further, the Plaintiff, as a result of the aforesaid carelessness, negligence and recklessness, has incurred or in the future will incur expenses for the treatment of said injuries in excess of the applicable threshold, has been injured and will not able to perform his usual functions, has been caused and in the future will be caused great shock, pain and suffering, as a result of the slip and fall.

**WHEREFORE**, Plaintiff Peter Klein demands judgment on this Count in his favor and against the Defendant Airbnb, Inc., Defendant Cedar Pines LLC, Defendant Boris Kudryavsky, Defendant Tina Kudryavsky and/or Defendant Alla Kudryavskaya jointly, severally, or in the alternative, for damages, together with interest and costs of suit.

**AS FOR A FIFTH CAUSE OF ACTION**

1. Plaintiffs repeat, reiterate and re-allege, each and every allegation set forth above as if more fully re-alleged and set forth at length herein.

2. That at all times herein mentioned, the Plaintiff Peter Klein was a lawful invitee, licensee, renter, and/or visitor of the premises located at 1231 Skyview Drive, Scotrun, PA 18355 (hereinafter "Skyview Premises").

3. That at all times herein mentioned and for some time prior thereto, Defendants Airbnb Inc., Assicurazioni Generalio, S.p.A., and/or Generali U.S. Branch, individually and/or by and through its agents, servants, employees and/or managers or the defendant's direct predecessor in title, were the carrier(s) issuing an insurance policy for coverage related to the Skyview Premises, including but not limited to, rental and/or lease coverage, bodily injury of invitees, licensees, renters, and/or visitors of the premises, and other coverages.

4. That at all times herein mentioned and for some time prior thereto, Defendants Airbnb Inc., Assicurazioni Generalio, S.p.A., and/or Generali U.S. Branch, individually and/or by and through its agents, servants, employees and/or managers or the defendant's direct predecessor in title, as the carrier(s) issuing said insurance policy, are liable to Plaintiffs for coverage under that policy for Plaintiffs' losses as set forth herein which were caused as a direct result of the careless, negligent and/or reckless maintenance of certain areas of the premises so as to allow the driveway and parking area to be full of ice and snow, to be damaged, deteriorated, ill-repaired, ill-maintained, and other situations which presented and posed an unreasonably dangerous and hazardous condition and/or for any other specifically insured risk which caused Plaintiffs injuries as claimed herein.

**WHEREFORE**, Plaintiff Peter Klein demands judgment on this Count in his favor and against the Defendants Airbnb Inc., Assicurazioni Generalio, S.p.A., and/or Generali U.S. Branch jointly, severally, or in the alternative, for damages, together with interest and costs of suit.

**<u>AS FOR A SIXTH CAUSE OF ACTION</u>**

1. Plaintiffs repeat, reiterate and re-allege, each and every allegation set forth above as if more fully re-alleged and set forth at length herein.

2. That at all times herein mentioned, the Plaintiff, Michelle Klein, was and is the lawfully wedded wife of Plaintiff Peter Klein and, as such, is entitled to her husband's services, society, comfort and consortium.

3. As a direct and proximate result of the actions of Defendants, as aforesaid, Plaintiff Michelle Klein has been deprived of and, in the future, will continued to be deprived of her husband, Peter Klein' services, society, comfort and consortium and will, in addition, has in the past and will in the future be obliged to expend various sums of money in an attempt to cure and heal her husband, Plaintiff Peter Klein.

**WHEREFORE**, Plaintiff Michelle Klein demands judgment on this Count in her favor and against Defendant Airbnb, Inc., Defendant Assicurazioni Generalio, S.p.A., Defendant Generali U.S. Branch, Defendant Cedar Pines LLC, Defendant Boris Kudryavsky, Defendant Tina Kudryavsky and/or Defendant Alla Kudryavskaya, jointly, severally, or in the alternative, for damages, together with interest and costs of suit.

**AS FOR A SEVENTH CAUSE OF ACTION**

1. Plaintiffs repeat, reiterate and re-allege, each and every allegation set forth above as if more fully re-alleged and set forth at length herein.

2. Defendant John Doe 1-10 (fictitious names representing unknown individuals) and/or Richard Roe 1-10 (fictitious names representing unknown individuals) are corporations, individuals, partnerships, sole proprietors or other business entities whose name or names may become known during the course of the litigation.

3. Defendant John Doe 1-10 (fictitious names representing unknown individuals) and/or Richard Roe 1-10 (fictitious names representing unknown individuals), are names representing persons, entities and/or corporations whose names are unknown at this time and who may have in one or more ways contributed to the injuries sustained by Plaintiff Peter Klein as a result of their negligence, carelessness and recklessness, or who may have acted as the agents, servants and/or employees of the aforesaid Defendants, when the slip and fall which is the subject matter of this lawsuit occurred.

4. That as a result of the negligence of the Defendants as herein alleged, the Plaintiff, Peter Klein, sustained serious, severe, and permanent personal injuries, endured pain and suffering, was incapacitated from his normal pursuits, incurred lost earnings and medical expenses and the Plaintiff, Peter Klein, is informed and verily believes that the same will continue into the future, all to his detriment and loss.

5. That as a result of the negligence of the Defendants as herein alleged, the Plaintiff, Michelle Klein, has been deprived of and, in the future, will continued to be deprived of her husband, Peter Klein' services, society, comfort and consortium and will, in addition, has in the

past and will in the future be obliged to expend various sums of money in an attempt to cure and heal her husband, Plaintiff Peter Klein, all to her detriment and loss.

**WHEREFORE**, Plaintiffs Peter Klein and Michelle Klein demand judgment on this Count in their favor and against Defendant Airbnb, Inc., Defendant Assicurazioni Generalio, S.p.A., Defendant Generali U.S. Branch, Defendant Cedar Pines LLC, Defendant Boris Kudryavsky, Defendant Tina Kudryavsky, Defendant Alla Kudryavskaya, John Doe 1-10 and/or Richard Roe 1-10, jointly, severally, or in the alternative, for damages, together with interest and costs of suit.

**AS FOR A EIGHTH CAUSE OF ACTION**

1. Plaintiffs repeat, reiterate and re-allege, each and every allegation set forth above as if more fully re-alleged and set forth at length herein.

2. Defendants ABC Corporation 1-10 (fictitious names representing unknown corporations) and XYZ Corporation 1-10 (fictitious names representing unknown corporations) are corporations, individuals, partnerships, sole proprietors or other business entities whose name or names may become known during the course of the litigation.

3. Defendants ABC Corporation 1-10 (fictitious names representing unknown corporations) and XYZ Corporation 1-10 (fictitious names representing unknown corporations), are names representing persons, entities and/or corporations whose names are unknown at this time and who may have in one or more ways contributed to the injuries sustained by Plaintiff Peter Klein, as a result of their negligence, carelessness and recklessness, or who may have acted as the agents, servants and/or employees of the aforesaid Defendants, when the slip and fall which is the subject matter of this lawsuit occurred.

4. That as a result of the negligence of the Defendants as herein alleged, the Plaintiff, Peter Klein, sustained serious, severe, and permanent personal injuries, endured pain and suffering, was incapacitated from his normal pursuits, incurred lost earnings and medical expenses and the Plaintiff, Peter Klein, is informed and verily believes that the same will continue into the future, all to his detriment and loss.

5. That as a result of the negligence of the Defendants as herein alleged, the Plaintiff, Michelle Klein, has been deprived of and, in the future, will continued to be deprived of her husband, Peter Klein' services, society, comfort and consortium and will, in addition, has in the past and will in the future be obliged to expend various sums of money in an attempt to cure and heal her husband, Plaintiff Peter Klein, all to her detriment and loss.

**WHEREFORE**, Plaintiffs Peter Klein and Michelle Klein demand judgment on this Count in their favor and against Defendant Airbnb, Inc., Defendant Assicurazioni Generalio, S.p.A., Defendant Generali U.S. Branch, Defendant Cedar Pines LLC, Defendant Boris Kudryavsky, Defendant Tina Kudryavsky, Defendant Alla Kudryavskaya, John Doe 1-10, Richard Roe 1-10, ABC Corporation 1-10 and/or XYZ Corporation 1-10, jointly, severally, or in the alternative, for damages, together with interest and costs of suit.

**Rinaldo and Gimbrone, PC**

***By:/s/ Tiana Gimbrone***
Tiana Gimbrone, Esq.
Attorney for Plaintiffs

Dated: December 22, 2024

**JURY DEMAND**

The Plaintiff demands that the foregoing action be tried before a jury.

**CERTIFICATION**

I certify that the within matter is not presently the subject to any other civil action or arbitration, nor are any other civil actions or arbitrations presently contemplated.

**Rinaldo and Gimbrone, PC**

***By:/s/ Tiana Gimbrone***
Tiana Gimbrone, Esq.
Attorney for Plaintiffs

Dated: December 22, 2024